UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KRISTINA MIRE, M.D.                              CIVIL ACTION

VERSUS                                           NO. 15-6965

LSU HEALTH SCIENCES CENTER                       SECTION "R" (2)

**ORDER ON MOTION**

APPEARANCES:   None (on the briefs)

MOTION:        Plaintiff's Motion for Leave to File Second Amended and Supplemental Complaint, Record Doc. No. 15

O R D E R E D:

 XXX : GRANTED.  The policy of the Federal Rules of Civil Procedure is liberal in favor of permitting amendment of pleadings, and Rule 15(a) evinces a bias in favor of granting leave to amend.  Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial.  Stripling v. Jordan Prod. Co., 234 F.3d 863, 872 (5th Cir. 2000) (citing Foman v. Davis, 371 U.S. 178, 182 (1962); Leffall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 524 (5th Cir. 1994); Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Am. Co., 195 F.3d 765, 770 (5th Cir. 1999); Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 597-98 (5th Cir. 1981)).  Thus, "[t]he court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), but such leave "is by no means automatic."  Wimm v. Jack Eckerd Corp., 3 F.3d 137, 139 (5th Cir. 1993) (quotation omitted).  Relevant factors to consider include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." Id.

Although plaintiff has filed a previous amendment, Record Doc. No. 7, no scheduling order of the type ordinarily employed in this court setting a deadline to amend pleadings has yet been entered. Under these circumstances, I cannot find that undue delay, dilatory motive or bad faith are involved in the filing of the motion.  On the contrary, the proposed amendment appears to be an attempt to address certain deficiencies alleged in the pending motion to dismiss.  No undue prejudice to the opposing parties in their ability to prepare defenses would result from allowing the amendment, since no trial date or other deadlines have yet been set.  Finally, I cannot conclude on the basis of the current record that the amendment is futile.  It appears that permitting the amendment will enable the court

to determine the jurisdictional issues raised in the pending defense motion on a more complete pleading record. For all of the foregoing reasons, leave to file the amendment is granted. However, because this is the second amendment that has already been permitted at this early stage of the case, plaintiff is hereby instructed that further proposed amendments will be viewed with skepticism.

New Orleans, Louisiana, this ___30th___ day of March, 2016.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE