UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KRISTINA MIRE, MD                                    CIVIL ACTION

VERSUS                                               NO. 15-6965

BOARD OF SUPERVISORS OF                              SECTION "R" (2)
LOUISIANA STATE UNIVERSITY
AND AGRICULTURAL AND
MECHANICAL COLLEGE, ET AL.


## ORDER AND REASONS

Defendant Board of Supervisors of Louisiana State University and Agricultural and Mechanical College (the LSU Board) moves to dismiss plaintiff Kristina Mire, MD's claims arising under Title I of the Americans with Disabilities Act on grounds of sovereign immunity.  For the following reasons, the Court grants the LSU Board's motion.


## I.    BACKGROUND

In her Second Amended Complaint, Kristina Mire, MD alleges that the LSU Health Sciences Center (LSU Health) discriminated against her based on her disability, and that this conduct violated Titles I and II of the Americans with Disabilities Act of 1990 (ADA) and the ADA Amendments Act of 2008 (ADAAA).  According to the complaint, Mire enrolled as a

medical resident at LSU Health in July 2006.[1]  Shortly after enrolling, Mire sought treatment from a psychiatrist for Attention Deficit Hyperactivity Disorder.[2]  She also developed insomnia, which impaired her effectiveness as a resident.[3]  By December 2006, Mire's supervisors described Mire as inefficient and prone to oversleeping and tardiness.[4]  Mire was informed of these concerns in January 2007.[5]  In response, Mire revealed her insomnia to her program director at LSU Health.[6]

By March 2007, Mire's psychiatrist suspected that Mire had an Adjustment Disorder and prescribed antidepressant and antipsychotic medication.[7]  Mire, however, reacted negatively to the medications and soon stopped taking them.[8]   In June 2007, Mire received more unfavorable performance reviews.[9]  Mire disclosed her adjustment disorder to the Chief Resident at LSU Health in July 2007.[10]  Following this disclosure, Mire was placed in a disciplinary program designed to remediate deficiencies in her

---

[1]     R. Doc. 27 at 2.
[2]     *Id.*
[3]     *Id.* at 3.
[4]     *Id.*
[5]     *Id.*
[6]     *Id.*
[7]     *Id.* at 4-5.
[8]     *Id.* at 5.
[9]     *Id.* at 6.
[10]    *Id.*

performance.[11]  As part of the disciplinary program, Mire was reevaluated by her psychiatrist.[12]  Following this evaluation, Mire was diagnosed with major depressive disorder and was once again prescribed medication.[13]  Although Mire continued to respond negatively to her medication, Mire's program director at LSU Health told Mire that she was required under the disciplinary program to take all her prescribed medication.[14]  In response, Mire requested and received permission to visit another psychiatrist.[15]   The second psychiatrist confirmed Mire's diagnosis of major depressive disorder, adjusted her medication, and recommended a leave of absence.[16]  Following this diagnosis, Mire was placed on a modified schedule until November 2007, when she was placed on a more rigorous "in-patient call schedule."[17]

From January to April 2008, Mire took a leave of absence from the residency program.[18]  When she returned, LSU Health did not resume her duties gradually, but instead placed Mire on "full on-call duty."[19]  Following her return, Mire once again had trouble performing her duties, and she was

---

[11]     *Id.*
[12]     *Id.* at 7.
[13]     *Id.*
[14]     *Id.*
[15]     *Id.*
[16]     *Id.*
[17]     *Id.*
[18]     *Id.* at 8.
[19]     *Id.*

placed on probation.[20]  Mire appealed LSU Health's decision to place her on

probation to an internal review body.[21]  This appeal was denied on June 19,

2008, and Mire was suspended from the residency program in August

2008.[22] LSU Health cited several reasons for the suspension, including

Mire's alleged violation of the terms of her probation and unprofessional

behavior.[23]  Following a competency hearing and an administrative appeal

process, Mire was terminated by LSU Health.[24]  The Dean of the LSU Health

Sciences Center School of Medicine "accepted and confirmed" Mire's

termination on March 21, 2009.[25]

Mire filed her initial complaint in this action, alleging violations of the

Americans with Disabilities Act, on December 21, 2015.[26]  Ten days later,

Mire amended her complaint to supplement and reword some of her factual

allegations.[27]  In the initial and First Amended complaints, Mire named "LSU

Health Sciences Center, an agency of the State of Louisiana" as the only

defendant.[28]

---

[20]    *Id.*
[21]    *Id.*
[22]    *Id.* at 10.
[23]    *Id.*
[24]    *Id.*
[25]    *Id.*
[26]    R. Doc. 1.
[27]    R. Doc. 7.
[28]    *Id.* at 1.

4

The LSU Board filed its motion to dismiss on grounds of sovereign immunity on February 22, 2016.[29]  On March 15, 2016, Mire filed a motion for leave to file a second amended complaint.[30]  The Magistrate Judge granted Mire's motion on March 30, 2016.[31]  In her Second Amended Complaint, Mire adds Dr. Bonnie Dressell and Dr. Ricardo Sorenson as defendants in their official capacities as LSU Health employees.[32]  The Second Amended Complaint also asserts claims under both Title I and Title II of the ADA and makes modest changes to Mire's factual allegations.[33]

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) requires dismissal of an action if the court lacks jurisdiction over the subject matter of the plaintiff's claim. Motions submitted under Rule 12(b)(1) allow a party to challenge the court's subject matter jurisdiction based upon the allegations on the face of the complaint. *Barrera–Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996); *see also Lopez v. City of Dallas, Tex.*, No. 03–2223, 2006 WL

---

[29]    *Id.*
[30]    R. Doc. 15.
[31]    R. Doc. 26.
[32]    R. Doc. 27 at 1.
[33]    *Id.*  Mire's original and First Amended complaints alleged violations of the ADA and ADAAA generally, but did not specify any Titles.

1450420, at *2 (N.D. Tex. May 24, 2006).  In ruling on a Rule 12(b)(1) motion to dismiss, the court may rely on (1) the complaint alone, presuming the allegations to be true; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts and by the court's resolution of disputed facts.  *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001); *see also Barrera–Montenegro*, 74 F.3d at 659.  The plaintiff bears the burden of demonstrating that subject matter jurisdiction exists.  *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

When examining a factual challenge to subject matter jurisdiction that does not implicate the merits of plaintiff's cause of action, the district court has substantial authority "to weigh the evidence and satisfy itself as to the existence of its power to hear the case."  *Arena v. Graybar Elec. Co.*, 669 F.3d 214, 223 (5th Cir. 2012).  Accordingly, the Court may consider matters outside the pleadings, such as testimony and affidavits.  *See Superior MRI Servs., Inc. v. All. Healthcare Servs., Inc.*, 778 F.3d 502, 504 (5th Cir. 2015).  A court's dismissal of a case for lack of subject matter jurisdiction is not a decision on the merits, and the dismissal does not necessarily prevent the plaintiff from pursuing the claim in another forum.  *See Cox, Cox, Filo, Camel & Wilson, L.L.C. v. Sasol N. Am., Inc.*, 544 F. App'x 455, 456 (5th Cir. 2013).

6

## III.  DISCUSSION

Before considering the substance of the LSU Board's argument that Mire's Title I claim is barred by the Eleventh Amendment, the Court must resolve two preliminary issues.

### A. Preliminary Issues

First, as noted, Mire filed her Second Amended complaint—which asserts claims under both Title I and II of the ADA—after LSU had already filed its motion to dismiss.  LSU's motion addresses only Title I claims.  The Court therefore considers the LSU Board's motion as addressed to only the Title I claims asserted in the Second Amended Complaint.  *See* 6 Wright & Miller, *Federal Practice and Procedure* § 1476 (2016) ("[D]efendants should not be required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending. . . . [T]he court simply may consider the motion as being addressed to the amended pleading.").

Second, the parties dispute whether the LSU Board or LSU Health is the proper defendant in this case.  The Court finds that the LSU Board, rather than LSU Health, is the proper defendant.  Louisiana Revised Statutes Section 17:3215 lists "institutions under the supervision and management" of the LSU board.  La. Rev. Stat. § 17:3215 (2011).  These include "Louisiana

State University Health Sciences Center at New Orleans, which shall include medical and related health schools and programs located in New Orleans." *Id.*; *see also* La. Rev. Stat. § 17:1519.5 (2010) ("The [LSU B]oard as a body corporate shall have authority to exercise all power to direct, control, supervise, and manage [LSU Health]."). Because LSU Health is an institution of postsecondary education under the control of the LSU Board, the Board is the proper defendant in a suit alleging misconduct by LSU Health. *See* La. Rev. Stat. § 17:3351(A)(1) (2015) (granting the LSU Board authority to "sue and be sued" on behalf of "institutions of postsecondary education under its control"); *Delahoussaye v. City of New Iberia,* 937 F.2d 144, 148 (5th Cir. 1991) ("Although the Board has the right to sue and be sued in its own name . . . the University does not."); *Raj v. Louisiana State Univ.*, No. 11-1126, 2012 WL 629954, at *2 (E.D. La. Feb. 27, 2012), *aff'd,* 714 F.3d 322 (5th Cir. 2013) ("[I]t is the Board that has the capacity to be sued, and LSU and LSU Health were wrongly added as defendants because they lack said capacity."); *Huggins v. Univ. of Louisiana Sys. Bd. of Supervisors*, No. 08-1397, 2009 WL 223272, at *5 (W.D. La. Jan. 6, 2009) ("[T]he University is not a juridical person subject to suit.").

Mire attempts to resist this conclusion by citing the Louisiana State University Health Care Services Division Act of 2003. La. Rev. Stat. §§

17:1519-17:1519.15.  That law, however, clearly provides that the LSU Board shall "own and operate the hospitals" organized under LSU Health and that "[o]peration and management of the LSU H[ealth] hospitals shall be the responsibility of the [LSU B]oard."  La. Rev. Stat. § 17:1519.2 (2016).  The organizational changes imposed by the 2003 law do not undermine the LSU Board's control over LSU Health, nor do they abrogate the clear command of Section 17:3351(A)(1) that the Board, rather than LSU Health, retains the exclusive power to "sue and be sued."  The LSU Board therefore remains the proper defendant in suits, such as this one, asserting misconduct on the part of LSU Health or its employees.

Having resolved these initial questions, the Court considers whether the Eleventh Amendment bars Mire's Title I claims against the LSU Board.

## B. Title I

"The Eleventh Amendment bars citizens of a state from suing their own state or another state in federal court unless the state has waived its sovereign immunity or Congress has expressly abrogated it."  *Raj v. Louisiana State Univ.*, 714 F.3d 322, 328 (5th Cir. 2013) (internal citations omitted).  Louisiana has explicitly asserted its sovereign immunity by statute.  La. Rev. Stat. § 13:5106(A) (2010) ("No suit against the state or a state agency or political subdivision shall be instituted in any court other

9

than a Louisiana state court.").  This immunity extends to certain State agencies as well as the State itself, and "[i]t is well-settled in the Fifth Circuit that institutions of higher education and their boards are arms of the state entitled to immunity."  *Hall v. Bd. of Supervisors of Cmty. & Tech. Colleges*, 15-67, 2015 WL 2383744, at \*4 (E.D. La. May 18, 2015); *see also Raj*, 714 F.3d at 328 ("[T]he LSU Board is an arm of the state and is immune from suit under the Eleventh Amendment.").

Title I of the ADA protects qualified people with disabilities from employment discrimination.  42 U.S.C. § 12112 (2012).  Because the LSU Board is an arm of the state, and Louisiana has not waived its sovereign immunity, Mire's Title I claim survives only if Congress has expressly and validly abrogated state immunity for Title I claims.  Although Congress unequivocally expressed its intent to abrogate state immunity with respect to ADA claims, *see* 42 U.S.C. § 12202 (2012), the Supreme Court has held that this provision exceeded Congress's authority as applied to Title I of the ADA.  *Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 374 (2001).  Accordingly, Congress has not validly abrogated Louisiana's immunity from Title I claims, and Mire's Title I claim against the LSU Board is therefore barred by the Eleventh Amendment.

## C. Title II

The Court, as noted, finds that the LSU Board's motion to dismiss does not address Mire's Title II claims, and it therefore does not reach the issue of whether those claims are, like her Title I claims, barred by the Eleventh Amendment.  The Board, however, remains free to challenge this Court's jurisdiction over the Title II claims.  *See Calderon v. Ashmus*, 523 U.S. 740, 745 n.2 (1998) ("[T]he Eleventh Amendment is jurisdictional in the sense that it is a limitation on the federal court's judicial power, and therefore can be raised at any stage of the proceedings . . . .").  The Court further notes that under *United States v. Georgia*, 546 U.S. 151, 159-60 (2006), it must begin any inquiry into whether Congress' abrogation of state sovereign immunity applies in this case by examining the merits of Mire's Title II claim, including the Board's statute of limitations defense.  *See Hale v. King*, 642 F.3d 492, 498 (5th Cir. 2011) (applying Rule 12(b)(6) standard as the first prong in the *Georgia* test); *see also Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003) ("A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like.").  Accordingly, any motion to dismiss on sovereign immunity grounds must address the merits of Mire's claims, including the statute of limitations issue.

## IV.   CONCLUSION

For the reasons stated above, the Court GRANTS defendant's Motion to Dismiss.   Accordingly, Mire's claims against defendant Board of Supervisors of Louisiana State University and Agricultural and Mechanical College arising under Title I of the ADA and ADAAA are DISMISSED WITHOUT PREJUDICE.  Any motion to dismiss Mire's Title II claims must be filed within 21 days of this order.


New Orleans, Louisiana, this  __13th__  day of September, 2016.


_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

12