UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KRISTINA MIRE, MD, | **:** | NO. 2:15-CV-06965-SSV-JCW |
| | **:** | |
| VERSUS | **:** | JUDGE SARAH S. VANCE |
| | **:** | |
| LSU HEALTH SCIENCES CENTER | **:** | MAGISTRATE JUDGE JOSEPH C. WILKINSON, JR. |

**REPLY MEMORANDUM IN SUPPORT OF RULE 12(b)(6) MOTION TO DISMISS CLAIMS AGAINST THE BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE, DR. BONNIE DESSELLE AND DR. RICARDO SORENSON**

**MAY IT PLEASE THE COURT:**

Dismissal of Plaintiff's claims under both Title I and Title II of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C.§12111, et seq., and the ADA Amendments Act of 2008 (ADAAA) against Defendants, the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College (hereafter "LSU"), Dr. Bonnie Desselle and Dr. Ricardo Sorenson is appropriate in this case.

This Court previously issued an order dismissing Plaintiff's Title I claims for reinstatement, back pay, compensatory damages and punitive damages under the ADA and the ADAA against LSU on the grounds that such claims against an arm of the state are barred by the Eleventh Amendment.[1]  By amended complaint, filed on March 30, 2016, more than seven years after Plaintiff's last appeal of the termination of her employment in the Pediatric Residency Program, Plaintiff added as Defendants, Dr. Bonnie Desselle and Dr. Ricardo Sorenson in their official capacities, and alleged they were liable under Titles I and II of the ADA and the

---

[1] Order and Reasons (Record #44)

ADAAA; however, in her prayer for relief, Plaintiff sought relief from **LSU only** in the form of reinstatement, back pay, compensatory damages and punitive damages.  Those claims against LSU under Title I have been dismissed.[2]  Insofar as no relief has been sought against Desselle and Sorenson in their official capacities, the doctrine of *Ex parte Young* cannot apply.  In effect, this action amounts to an attempt by Plaintiff to make an end run around Eleventh Amendment immunity by making claims against "straw" defendants.   Furthermore, Plaintiffs' claims against these defendants should be dismissed on the grounds that Desselle and Sorenson were not "employers" of the Plaintiff within the meaning of the ADA and the ADAAA, Plaintiff failed to exhaust administrative remedies against these defendants, and her claims against them have prescribed.  Finally, Plaintiff's Title II claims against LSU should also be dismissed on the grounds that these claims have prescribed.

Desselle and Sorenson were not Plaintiff's employers within the meaning of the ADA and the ADAAA.  Title I of the ADA states that "[n]o covered entity shall discriminate…" 42 U.S.C.A.§12112(A).  "Covered entity" is defined as a private, state and local employer, employment agency, labor organization, or joint labor management committee." 42 U.S.C.A.§12111(2).  An "employer" is further defined as "a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding years, and any agent of such person."  42 U.S.C.A. §12111(5)(A).  In *Franklin v. City of Slidell,* 936 f.Supp.2d 691, 704 (E.D. La. Mar. 27, 2013), this Court held, as follows:

> Furthermore, the ADA definition of "employer" mirrors the Title VII definition.  Although the Fifth Circuit has not directly addressed the

---

[2] Order and Reasons (Record #44)

questions of whether an employer's agent or employee may be held liable under the ADA, this Court recently concluded that in light of (a) the similarities between the definition of "employer" in Title VII and the ADA, (b) the similar purpose of the two statutes, (c) the Fifth Circuit's consistent holdings that individuals cannot be held liable under Title VII in either their individual or official capacities, and (d) the weight of authority outside of the Fifth Circuit,[12] individuals are not subject to liability under Title I of the ADA. (Order and Reasons, Rec. Doc. 38, p. 13-18).  Thus, to the extent that Plaintiff is asserting claims against the Employee Defendants under the ADA, the Court finds that they are not legally cognizable.  Because the Court finds that plaintiff has pled his best case against the Employee Defendants under both the ADA and Title VII, the Court will dismiss his claims against the Employee Defendants under the ADA and Title VII without granting him an opportunity to amend. **(Emphasis added).**

There has been no allegation, nor can there be such an allegation, that Desselle and Sorenson were Plaintiff's employers.  In fact, Desselle and Soreson were co-employees of the only employer of Plaintiff, LSU.  Since Title I does not provide any cause of action against Deselle or Sorenson, Plaintiff's claims against them (under Title I) should be dismissed under Rule 12(b)(6).

Plaintiff's claims against all Defendants under Title II of the ADA have prescribed.  The requirement to exhaust administrative remedies with the EEOC prior to filing an action only applies to those claims made under Title I of the ADA.[3]  This exhaustion requirement, however, does not apply to claims under Title II of the ADA.[4]  Since there was no requirement that Plaintiff exhaust administrative remedies prior to filing suit against Defendants under Title II, the time period for filing suit was not tolled when she filed an EEOC charge (against LSU only) under Title I.

---

[3] *Bonilla v. Muebles J.J. Alvarez, Inc.,* 194 F.3d 275, 277 (1st. Cir. 1999)

[4] *Rivera-Concepcion v. Puerto Rico,* 682 f.Supp.2d 164 (D.P.R.2010); *Mitchell v. Mass. Dep't of Corrections,* 190 f.Supp.2d 204, 209 (D. Mass. 2002)

The initial complaint was filed in this matter (by Mire) on December 21, 2015, six (6) years and ten (10) months after the most recent adverse action taken by LSU with respect to her employment as a House Officer and Resident.[5]  Title II of the ADA is not specifically mentioned until the Second Supplemental and Amended Complaint was filed by Mire, in March, 2016, seven (7) years after the last action taken by LSU, and more than seven (7) years after the last taken by either Dessell or Sorenson with respect to Mire.

The Fifth Circuit, in *Frame v. City of Arlington,* 657 F.3d 215, (2011), applying Texas' statute of limitations to an ADA Title II claim, held:

> When Congress does not establish a limitations period for a federal cause of action, the "general rule" is that we borrow the most analogous period from state law.[109]  We decline to adopt a state limitations period only when another federal statue "clearly provides a closer analogy," and "when the federal policies at stake and the practicalities of litigation make that rule a significantly more appropriate vehicle for interstitial law making." [110]  Reference to federal law remains a "closely circumscribed" and "narrow" exception. [111]

In *Boyle v. Greenstein*, No. 11-3192, 2012 WL 1932947 (E.D. La. May 29, 2012), Judge Lemelle held, in pertinent part, as follows:

> This Court has previously concluded that claims arising from the ADA and Rehabilitation Act have the one-year prescriptive period as dictated by state tort law. See e.g., *Copper v. St. Martin Manor*, No. 97-499, 1998 U.S. Dist. LEXIS 1114, at *3, 1998 WL 46815 (E.D. La. Feb. 3, 1998); *Bastoe v. Burger King Corp.*, No. 94-3002, 1995 U.S. Dist. LEXIS 8630 at *3, 1995 WL 368508 (E.D. La. June 21, 1995)… ("In Louisiana, the statute of limitation most analogous to a claim under the Rehabilitation Act is Louisiana's one-year statute of limitations for delictual actions set forth in Louisiana Civil Code Article 3492.")  Thus, the applicable prescriptive period is one year.

---

5 "The Dean of the LSU Health Sciences Center School of Medicine 'accepted and confirmed' Mire's termination on March 21, 2009."  Order and Reasons (Record #44, at page 4).

See also *Webster v. Board of Supervisors of University of Louisiana System*, No. 13-6613, 2015 WL 4197589 (E.D. La., July 10, 2015), in which this Court held that "whether plaintiff's claim is barred by the statute of limitations turns on whether individuals asserting claims under Section 504 of the Rehabilitation Act must exhaust administrative remedies. An exhaustion requirement tolls the limitations period, but the absence of an exhaustion requirement allows the limitations period to run even while a plaintiff pursues administrative remedies. See *Adams v. District of Columbia*, 740 F. Supp. 2d. 173, 182-83 (D.D.C. 2010) ("A limitations period does not toll when a plaintiff is not required but chooses to exhaust his administrative remedies before pursuing a claim in court." (citing *Johnson v. Ry. Express Agency*, 421 U.S. 454, 461 (1975))."

In conclusion, all of Plaintiff's remaining claims against LSU and her claims against the newly added defendants, Desselle and Sorenson, should be dismissed by this Court under Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state any claim upon which relief can be granted against defendants and/or as time-barred.

Respectfully submitted,

JEFF LANDRY
ATTORNEY GENERAL

By: s/Thomas R. Peak_____
    Thomas R. Peak, Bar # 14300
    Special Assistant Attorney General
    TAYLOR, PORTER, BROOKS & PHILLIPS L.L.P.
    450 Laurel Street, 8th Floor (70801)
    P.O. Box 2471
    Baton Rouge, LA 70821-2471
    Telephone: (225) 387-3221
    Fax: (225) 346-8049

    *Attorneys for Defendants*

<u>CERTIFICATE</u>

I hereby certify that on this 9th day of November, 2016, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel registered for electronic service.  I further certify that I have served a copy of the foregoing pleading on all parties to this proceeding not registered for electronic service, by e-mailing, faxing, and/or mailing the same by United States Mail, properly addressed and first class postage prepaid.

<u>*s/Thomas R.Peak*</u>
Thomas R. Peak

1446779.v1